# 56.1 STATEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEBERT S. GRANT,                              :

                Plaintiff,     :     06 Civ. 5755 (JGK) (DCF)

                v.              :

PATHMARK STORES, INC.,                        :

                Defendant.     :
------------------------------------------------------X

## DEFENDANT'S STATEMENT OF UNCONTESTED MATERIAL FACTS

Defendant Pathmark Stores, Inc. ("defendant" or "Pathmark"), by its attorneys, Vedder Price P.C. and pursuant to Local Civil Rule 56.1 of the Southern District of New York, hereby sets forth its statement of uncontested material facts upon which it relies with respect to its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, as follows:

    1.    Plaintiff Sebert S. Grant ("plaintiff" or "Grant"), who is black and Jamaican, resides at 2857 Barker Avenue, Bronx, New York (Complaint ¶ 1).[1]

    2.    Defendant, a Delaware corporation licensed to do business in New York, operates supermarkets in the New York metropolitan area, including over twenty stores in the five boroughs of New York City, and additional stores in Nassau and Suffolk counties (Boscarino Aff. ¶ 2).[2]

---

[1]   The complaint in this action is attached as Exhibit 1 to the Notice of Motion herein.

[2]   The affidavit of Barbara Boscarino, Human Resources Manager with Pathmark, with documentary exhibits thereto, sworn to on November 19, 2008 ("Boscarino Aff."), is attached to the Notice of Motion herein.

3. Plaintiff was hired by Pathmark in about October 1995 as a part-time clerk in the produce department of Pathmark's Bay Plaza/Coop City store in Bronx, New York (Pl. Dep. at 26).[3]

4. As an employee of Pathmark, plaintiff was a member of Local 1500 of the United Food and Commercial Workers ("Local 1500" or the "Union"), having joined the Union in November 1995 (Pl. Dep. at 32-33).

5. Plaintiff worked as a produce clerk from October 1995 to June 1997 and August 2001 to January 2004, and worked as a maintenance employee from June 1997 to August 2001 and January 2004 to July 2008 (Boscarino Aff. ¶ 3).

6. Plaintiff worked in Pathmark's Bay Plaza store from October 1995 to March 2005 and November 2007 to July 2008, and in Pathmark's Castle Center store from March 2005 to November 2007 (Boscarino Aff. ¶ 4).

7. Plaintiff was promoted to a full-time maintenance position on September 19, 2004 (Pl. Dep. at 46), at which time his full-time wage rate became effective (Boscarino Aff. ¶ 5).

8. Upon plaintiff's becoming a full-time employee, plaintiff's wage rate as a full-timer was calculated pursuant to a formula set forth in the collective bargaining agreement between Pathmark and Local 1500 ("CBA") (Boscarino Aff. ¶ 5 and Exhibit A thereto (Article XXIII.B.5. of the CBA (p. 20) and Schedule A to the CBA, Section K (p. 30))).

9. The formula contained in the CBA for calculating the wage rate of an employee who has been promoted from part-time to full-time calls for giving that employee credit for half of the number of years spent as a part-timer, multiplying that number by $15.00 for each six

---

[3] The pages of plaintiff's deposition ("Pl. Dep.") to which defendant cites in connection with this motion are attached as Exhibit 1 to the Affirmation of Jonathan A. Wexler ("Wexler Aff."), which is attached to the Notice of Motion herein.

months spent as a part-timer (essentially doubling the number back to the full number of years spent as a part-timer), and adding that amount to the minimum weekly wage for the position to which the employee was promoted.[4] In Grant's case, his nine years as a part-timer were divided by 2 (*i.e.*, 4.5 years) and plaintiff was then credited with $15.00 for each six months within that 4.5 year-period, or 4.5 x 2 x $15.00, which equals $135.00. The $135.00 was then added to the $365.00 minimum weekly rate for maintenance employees (porters) set forth in Schedule K of the CBA for a total of $500.00 per week. Dividing that $500.00 weekly wage by 40 hours results in an hourly wage of $12.50. However, at the time of his promotion to full-time, Grant was earning $13.05 per hour, which was above the formula rate of $12.50 per hour. Although Pathmark could have left Grant's rate at $13.05, the decision was made to give him an additional $.20 per hour in recognition of his becoming full-time – hence his promotional rate of $13.25 per hour (Boscarino Aff. ¶ 6).

10. Richard Agostini, a white male, was promoted from part-time to full-time in the maintenance department in the Castle Center store on August 29, 2004 (a few weeks before Grant was made full-time in Bay Plaza). Agostini had spent 4 years as a part-timer before he was promoted, and was earning $9.40 an hour at the time of his promotion. In accordance with the CBA's formula, Agostini was given half credit for his 4 years of part-time employment (*i.e.*, 2 years), multiplied by $15.00 for each 6 months in the 2-year period – 4 x $15.00 or $60.00. Adding that $60.00 to the $365.00 minimum wage totals $425.00 per week. Dividing that by 40 hours yields an hourly rate of $10.625, which was the rate that Agostini was given upon his promotion to full-time (Boscarino Aff. ¶ 7).

---

[4] Because the CBA's wage scale is lower for maintenance employees (as Grant was when he was made full-time) than other Local 1500 employees, this calculation is different for maintenance employees and calls for the use of $15.00 rather than $20.00.

11. Grant discussed his belief that his full-time wage rate was calculated incorrectly with Ed Cordero, Grant's Union representative (Pl. Dep. at 89-90).

12. After Cordero discussed Grant's full-time wage rate with John Padian, then Pathmark's Director of Human Resources, Cordero advised Grant that his full-time wage rate had been calculated correctly (Pl. Dep. at 92-93).

13. As a cost-saving measure, of Pathmark's 6,564 employees, only 1,265 (20%) are full-timers; thus, promotion to full-time is coveted by many part-time employees at Pathmark and granted to relatively few. There have been Pathmark employees who were part-time for over 25 years before being promoted to full-time (Boscarino Aff. 8).

14. Because of defendant's staffing needs, no employees were promoted to full-time positions in the maintenance department in the Bay Plaza store between October 1995 (when plaintiff was hired) and September 2004 (when plaintiff was promoted to full-time). Also, only one part-time employee was promoted to full-time in Bay Plaza while Grant worked in the produce department in Bay Plaza. That was an individual named Robert Hafner, who had had 16 years prior experience with Pathmark as a Produce Manager. Hafner was hired into the Bay Plaza store on October 11, 2002 and was made full-time on February 17, 2003 (Boscarino Aff. ¶ 9).

15. In addition to staffing needs, good performance (*i.e.*, cooperating with management, ability to get along with co-workers, adhering to company policies, etc.) is an important criterion in determining whether a part-time employee will be considered for promotion to a full-time position.

16. Plaintiff's overall performance was spotty for much of his tenure with Pathmark. Specifically, Grant was disciplined and issued various disciplinary notices for such infractions as

failing to come to work when scheduled and not advising his manager ("no call no show"); theft of time; insubordination; disputes with co-workers; and failure to follow direction. (Boscarino Aff. ¶ 12 and Exh. B thereto). This unsatisfactory conduct rendered Plaintiff ineligible for consideration for promotion to full-time for much of his tenure with Pathmark. Plaintiff's eventual promotion to full-time resulted from his somewhat improved performance, a change in the staffing needs in the Bay Plaza store, and plaintiff's persistence in his requests for full-time work.

17. Effective August 29, 2004, when plaintiff was working in the Bay Plaza store, Richard Agostini, a white male, was promoted to a full-time position in the maintenance department of Pathmark's Castle Center store. Plaintiff was made full-time three weeks later (effective September 19, 2004) in the maintenance department in Pathmark's Bay Plaza store. Raymond Brooke, a black male, was promoted to a full-time position in the maintenance department of Pathmark's Castle Center store effective October 23, 2005 (Boscarino Aff. 10).

18. Jerry McArdle, Jr. was hired as a part-time produce employee in Pathmark's Bay Plaza store in January 2001. At the time, McArdle's father was a produce department manager in a different Pathmark store.

19. McArdle was an excellent employee who had prior management experience in the produce department of two other supermarkets. Accordingly, McArdle was promoted quickly from part-time to a full-time position as an assistant produce manager in Bay Plaza (in March 2001), and then to a produce department manager's position in Pathmark's Pike Slip store (in March 2002).

20. While McArdle was a Produce Manager, he expressed an interest in joining the Company's management training program. As part of that program, McArdle took and passed a

number of tests and was promoted to Assistant Store Manager in Pathmark's Harlem store in February 2005.

21. At the time he was promoted to a full-time position in September 2004, Grant was advised by Pathmark's area supervisor, Ian Loudon, that Pathmark expected him to discontinue his practice of "hustling rides" outside of the Bay Plaza store, *i.e.*, offering to drive Pathmark's customers home with their groceries in exchange for payment (Pl. Dep. at 50-51). Plaintiff agreed to stop hustling rides at that time (Pl. Dep. at 370-371).

22. On March 24, 2005, Grant was discharged for hustling rides outside of the Bay Plaza store on March 22, 2005 (Boscarino Aff. ¶ 15 and Exh. C thereto). In a meeting attended by Grant, a Union representative, a Pathmark Human Resources employee, store management, and Pathmark Security Department employee Kawvone Reed on March 24, Grant admitted having hustled rides (Reed Dep. at 12[5]; Pl. Dep. at 321-22; 366).

23. After a discussion among Grant, Pathmark and the Union on March 24, 2005, because there was a question as to whether Grant was taxiing customers on company time or on his own time, this discharge was converted to a one-week suspension, and Grant was transferred to Pathmark's Castle Center store (Boscarino Aff. ¶ 16).

24. On July 19, 2005, Grant was suspended for leaving the Castle Center store for approximately twenty five minutes to get a cup of coffee after having punched in and while on company time and returning not dressed in accordance with Pathmark's dress code, *i.e.*, still not ready to begin working (Boscarino Aff. 17 and Exh. D thereto).

---

[5] The page of Kawvone Reed's deposition ("Reed Dep.") to which defendant cites in connection with this motion are attached as Exhibit 2 to the Affirmation of Jonathan Wexler ("Wexler Aff."), which is attached to the Notice of Motion herein.

25. Grant admitted to having punched in on that day, gotten into his car, driven to get a cup of coffee and returned not wearing his Pathmark uniform, but claimed that he spent only ten minutes doing so (Pl. Dep. at 187, 216, 219-20; Boscarino Aff. ¶ 17).

26. Grant claimed that in or about October 2005, Bruce Rozanski, Grocery Manager in Pathmark's Castle Center store, threatened to stick a broom stick into Grant's rectum. After Grant complained about the incident to store management, the issue was resolved within two weeks, when Rozanski was transferred to a Pathmark store in Manhattan (Complaint ¶ 8; Pl. Dep. at 249).

27. On March 29, 2006, plaintiff filed a charge (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") in which he made allegations identical to those set forth in paragraph 8 of the complaint herein (Wexler Aff. ¶ 5 and Exh. 3 thereto; Pl. Dep. at 125).

28. On July 3, 2006, the EEOC dismissed the Charge because the EEOC's investigation of Grant's allegations did not establish any statutory violation and issued a Notice of Right to Sue (Wexler Aff. ¶ 6 and Exh. 4 thereto).

29. Plaintiff commenced this action on or about July 31, 2006.

-8-

Dated: November 21, 2008

                Respectfully submitted,

                VEDDER PRICE P.C.

                By: _____
                      Jonathan A. Wexler (JW 5587)

                Attorneys for Defendant Pathmark Stores, Inc.

                1633 Broadway – 47th Floor
                New York, New York  10019
                (212) 407-7700